UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EXTREME REACH, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 14-cv-14725-IT |
| v. | * | |
| | * | |
| GRACE HILL MEDIA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 31, 2015

TALWANI, D.J.

I.  Introduction

Presently before this court is Defendant Grace Hill Media's ("Grace Hill") Motion to Dismiss Count IV, Count V, and Count VI of Plaintiff's Complaint [#21]. For the reasons set forth below, Grace Hill's motion is allowed. Counts IV, V, and VI are dismissed without prejudice. Plaintiff Extreme Reach, Inc. ("Extreme Reach") shall have until August 21, 2015 to amend its complaint in accordance with this order.

II. Discussion

Grace Hill moves to dismiss the fraud-based claims against it, including Count IV (Promissory Fraud), Count V (Fraudulent Inducement), and Count VI (Chapter 93A). In support of its motion, Grace Hill contends that the complaint fails to "allege any false statement of material fact" and fails to meet the particularity requirements for fraud claims under Federal Rule of Civil Procedure 9(b). See Mem. Supp. Mot. Dismiss 4 [#22].

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007).  In resolving such a motion, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"Under Massachusetts law, fraud requires that the defendant made a knowingly false statement concerning a material matter that was intended to, and did in fact, induce the plaintiff's reliance and, through that reliance, created an injury."  Woods v. Wells Fargo Bank, 733 F.3d 349, 357 (1st Cir. 2013).  "A claim of fraud must also satisfy the particularity requirements set forth in Fed. R. Civ. P. 9(b), mandating 'specifics about the time, place, and content of the alleged false representations.'"  Id. at 358 (quoting Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 279-80 (1st Cir. 2013)).

In its First Amended Complaint, Extreme Reach plausibly alleges that Grace Hill made knowingly false statements of material fact.  In particular, Extreme Reach alleges that through placing purchase orders for media space, Grace Hill promised and represented its intent to pay on the purchase orders.  First Am. Compl. ¶¶ 16, 22 [#16].  Extreme Reach further alleges that Grace Hill's representations as to its intent to pay were false because Grace Hill did not intend to pay for the media services when placing the purchase orders.  Id. ¶¶ 46, 48; see Gerli v. G.K. Hall & Co., 851 F.2d 452, 456 (1st Cir. 1988) ("Under Massachusetts law, a promissory statement cannot be the basis for a claim of misrepresentation unless at the time the promise was made the promissor had no intention of carrying it out."); Ealing Corp. v. Harrods Ltd., 790 F.2d 978, 982 (1st Cir. 1986) ("A representation of the maker's own intention to do or not to do a particular thing is fraudulent if he does not have that intention." (quoting Restatement (Second) of Torts § 530(1) (1976))).

Extreme Reach alleges facts in support of these allegations, including that Grace Hill was

aware that its client's budget for the film campaign was only $35,000; Grace Hill knew the price of Extreme Reach's services and had signed a rate card; Extreme Reach sent Grace Hill an estimate of costs to date on August 15, 2014, in the amount of $184,807; despite this knowledge, Grace Hill placed purchase orders for $917,418 worth of media services from Extreme Reach from July through September of 2014; shortly thereafter, on October 21, 2014, an employee of Grace Hill admitted that he knew that Grace Hill did not have sufficient cash on hand to cover the cost of the services it was ordering; and Grace Hill has since refused to pay on the purchase orders.  Taken as true for purposes of this motion, these allegations suffice to plausibly suggest that Grace Hill made knowingly false representations.  See Palmacci v. Umpierrez, 121 F.3d 781, 789 (1st Cir. 1997) ("Among the circumstances from which scienter may be inferred are: the defendant's insolvency or some other reason to know that he cannot pay, his repudiation of the promise soon after made, or his failure even to attempt any performance."); Restatement (Second) of Torts § 530 cmt. d.

      As indicated above, the heightened pleading standard for fraud claims generally requires a plaintiff to allege "'the who, what, where, and when of the allegedly false or fraudulent representation.'"  Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004) (quoting Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)).  Although Extreme Reach alleges the "what" (false representation of intent to pay) and the "where" (the purchase orders) of the fraud counts, Extreme Reach fails to allege the "when" and "who," even though such information is presumably within Extreme Reach's knowledge.  Extreme Reach does not, for instance, allege the dates of the purchase orders that form the basis of its fraud claims.  Nor does Extreme Reach allege which purchase orders were placed directly by Grace Hill and which purchase orders were placed by Horizon Media, Grace Hill's alleged agent.  Accordingly, the

court will dismiss Counts IV, V, and VI without prejudice and grant Extreme Reach leave to amend its complaint for the purpose of alleging the dates of the purchase orders that form the basis of the fraud counts, as well as which company placed the purchase orders corresponding to each date.

III.	Conclusion

Grace Hill's Motion to Dismiss Count IV, Count V, and Count VI of Plaintiff's Complaint [#21] is ALLOWED.  Counts IV, V, and VI are dismissed without prejudice. Extreme Reach shall have until August 21, 2015 to amend its complaint in accordance with this order.

IT IS SO ORDERED.

Date:   July 31, 2015

/s/ Indira Talwani
United States District Judge